IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Andrew Plummer, ) | |
| ) | Civil Action No. 8:08-433-TLW-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Allendale Correctional ) | |
| Institution Officials and ) | |
| Mailroom Employees, Jon ) | |
| Ozmint, Warden George T. ) | |
| Hagan, DHO Shirley Singletary, ) | |
| Cpt. Joseph DeLoach, Officer ) | |
| Corey Johnson, IGC Ken Long, ) | |
| Linda Martin, NFN Hutchinson, ) | |
| Hellen P. Freeman, and Ann ) | |
| Hallman, ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a former state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' motion for summary judgment. (Dkt. # 61.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

The plaintiff brought this action on February 4, 2008, seeking damages for alleged civil rights violations.[1] On August 25, 2008, the defendants filed a motion for summary judgment. By order filed August 28, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On October 6, 2008, the plaintiff filed a response opposing the defendants' motion for summary judgment.

## **FACTS**

On August 4, 2006, the plaintiff and three other inmates were charged with striking an inmate with/without a weapon and inciting or creating a disturbance. (Pl.'s Mem. Opp. Summ. J. Mot. Attach. #10 - Discipl. & Hearing Reports at 1.) The injured inmate was treated at a hospital and placed in the intensive care unit. (*Id.* at 2.) His medical bills amounted to $43,003.25. (Pl.'s Mem. Opp. Summ.J. Mot. Attach. # 11 at 7.) A disciplinary hearing was held on August 23, 2006, and the plaintiff was convicted as charged. (Pl.'s Mem. Opp. Summ. J. Mot. Attach. #10 - Discipl. & Hearing Reports at 1.) He was sanctioned with the loss of ninety (90) days of good time credit and 180 days of telephone, canteen, and visitation privileges. Restitution was to be determined later. (*Id.*) Subsequently, he was assessed 1/4 of the inmate's medical bill, or $10,750.81, as restitution. (Pl.'s Mem. Opp. Summ.J. Mot. Attach. # 11 at 7.)

---

[1]This date reflects the date that the envelope containing this compliant was stamped as having been received by the prison mailroom. (Compl. Attach.) *Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

2

The plaintiff filed a Step One grievance on August 28, 2006, and it was denied on September 28, 2006. He filed a Step Two grievance on October 9, 2006, and it was denied on October 24, 2006. The plaintiff then filed an appeal with the Administrative Law Court ("ALC"). On November 30, 2006, the plaintiff received a memorandum from the ALC informing the plaintiff that he did not file his appeal on the appropriate forms and further that he had failed to attach a copy of the final decision from the prison. (Pl.'s Mem. Opp. Summ. J. Mot. Attach. #10 - Discipl. & Hearing Reports at 6.)

The plaintiff filed a request with the defendants seeking copies of his Step One and Two grievances and other documentation regarding his disciplinary conviction. The defendants denied the requests. In this § 1983 complaint, the plaintiff alleges the defendants interfered with the appeal of his disciplinary conviction. The plaintiff is seeking injunctive relief and damages.

## **APPLICABLE LAW**

Rule 56 of the Federal Rules of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is

3

deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**[2]

Initially, the undersigned notes that in his complaint, the plaintiff alleges claims pursuant to §1983 and seeks injunctive relief and damages. As it appears the plaintiff has been released from prison (dkt. # 56), the plaintiff's claims for injunctive relief are now moot. *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 249 (4th Cir. 2005)(holding portion of civil rights complaint seeking injunctive relief for jail's practice of charging housing fee rendered moot by detainee's release. *See also Scurry v. Middleton*, 2007 WL 1068248 at *3 (D.S.C. April 2, 2007) (MBS-BM) (holding upon the plaintiff's release from the detention center, the plaintiff's request for injunctive and/or declaratory relief was moot).

**Denial of Access to Courts**

The plaintiff alleges the defendants interfered with the appeal of his disciplinary conviction. The defendants contend the plaintiff has not exhausted his administrative remedies and further he has failed to state a claim. The undersigned agrees.

---

[2] The defendants include arguments regarding alleged 8th amendment claims in their memorandum supporting summary judgment. (Defs.' Mem. Supp. Summ. J. Mot. 4-7.) However, these claims are not alleged in the plaintiff's complaint and were only raised in support of the plaintiff's motion for release from Lieber Correctional Institution. (Dkt. # 17.) This motion was denied and more importantly the plaintiff specifically states in his response that these claims are irrelevant to the instant action and were only relevant to the separation motion. (Pl.'s Mem. Opp. Summ. J. Mot. Attach. # 1- Brief Statement ¶ 20.) Accordingly, the undersigned will not address these claims in this report.

5

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing a §1983 action concerning his confinement. 42 U.S.C.A. §1997(e) states:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In *Porter v. Nussle*, 534 U.S. 516 (2002), the United States Supreme Court held that the exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. In *Woodford v. Ngo,* ___ U.S.___ , 126 S. Ct. 2378, 2386, 165 L.Ed.2d 268 (2006), the United States Supreme Court held that the PLRA exhaustion requirement requires proper exhaustion. The Court stated that "[a]dministrative law requires proper exhaustion of administrative remedies which means using all steps that the agency holds out, and doing so properly." *Id.* (Internal quotations and citations omitted). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. *Id.*

The purpose of the exhaustion requirement is twofold. First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Woodford*, 126 S.Ct. at 2385 (*quoting McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.* Any consideration of administrative

remedies pursued after the commencement of the litigation would only serve to frustrate both purposes of the PLRA's exhaustion requirement.

In order to exhaust the SCDC administrative remedies, an inmate must fill out a Form 10-5 or Step 1 grievance about the matters raised in his complaint and give the form to the Institutional Inmate Grievance Coordinator within fifteen (15) days of the alleged incident of which the inmate complains.  The Warden must respond to the Step 1 grievance in writing no later than forty (40) days from the filing of the initial grievance. If the inmate is not satisfied with the Warden's response, he must file an appeal of the Step 1 grievance response by filing a Form 10-5a or Step 2 Request for Responsible Official Review with the Inmate Grievance Coordinator within five (5) days of the receipt of the response from the Warden.  A responsible official has sixty (60) days to respond to the Step 2 grievance.  The decision of the official who answers Step 2 is considered the SCDC's final response in the matter.  Only after completing both Steps 1 and 2 in the SCDC grievance process has an inmate properly exhausted a claim under §1983.  42 U.S.C. § 1997e.

The plaintiff filed two grievances regarding his disciplinary hearing in an attempt to appeal his disciplinary conviction, ACI-853-06 and ACI-1190-06.[3]  However, there is no evidence in the record that the plaintiff ever filed a grievance alleging a denial of access to court claim.  The record reflects that the plaintiff filed an initial request to staff member

---

[3]The undersigned notes that the plaintiff filed additional grievances (ACI-0829-06, ACI-0860-06, ACI-0862-06) which were unprocessed as they were considered duplicates of ACI-0853-06.  (Pl.'s Mem. Opp. Summ. J. Mot. Attachs. 4-6.)

asking for copies of his Step One and Two grievances and other documentation pertaining to his August 4, 2006 disciplinary conviction. (Dkt. # 37 - Pl.'s Mot. to Amend Ex. # 11.) However, even assuming this request could be viewed as a Step One grievance alleging a denial of access claim, there is no evidence in the record that the plaintiff filed a Step Two grievance raising this claim. Accordingly, this claim is barred because the plaintiff failed to exhaust his administrative remedies. In any event, the plaintiff's claim also fails on the merits.

In *Bounds v. Smith*, 430 U.S. 817 (1977), the United States Supreme Court determined that prisoners have an absolute right to access to the courts, both to allow them to attack their convictions and to file other lawsuits. The decision merely requires that the right of access to the courts not be impeded. The right of access to the courts is the "right to bring to court a grievance that the inmate wished to present," and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343 (1996). In order to make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris,* 73 F.3d 1310, 1316 (4th Cir.1996). A plaintiff must demonstrate, for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim. *Lewis*, 518 U.S. at 353-54. Further, in *Lewis*, the Supreme Court defined prisoners' right of access to the courts as simply the "right to bring to court a grievance."

*Id.* at 354.  The Court specifically rejected the notion that the state must enable a prisoner to "litigate effectively once in court."  *Id.* (*quoting Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)).  *See also Cornett v. Donovan,* 51 F.3d 894, 898 (9th Cir.1995) (determining that prisoners' right of access to the courts is limited to the pleading stage of a civil rights action or petition for writ of habeas corpus).

Although not entirely clear, the plaintiff here alleges the defendants had something to do with the ALC's decision not to docket his appeal.  He appears to be arguing there was some mishandling of his appeal in the mailroom and also that the defendants later failed to provide him with copies of the grievances delaying or preventing him from appealing.  He specifically states that the warden and the mailroom staff are responsible for the grievances vanishing before reaching the ALC causing "an unconstitutional delay in the plaintiff being able to an administrative law court claim to exhaust administrative remedies."  (Pl.'s Mem. Opp. Summ. J. Mot. Attach. # 2 ¶ 17.)   He further states that the defendants' actions caused him to be unable to file his notice of appeal.  (Id. ¶ 23.)

It is undisputed that the plaintiff was able to file this appeal, and the ALC received the initial notice of appeal and requested proper forms and copies of the grievances. Even assuming the mail was tampered with, this would not excuse the plaintiff's subsequent failure to submit the proper forms as requested by the ALC.  The plaintiff has failed to produce any evidence that he attempted to file any additional documents with the ALC and/or raise the alleged interference issue before the ALC.  *See Caudell v. Rose*, 378 F.Supp.2d 725 (W.D.Va. 2005)(dismissing access to the courts claim, where

9

plaintiff failed to show how defendant's refusal to return his arrest warrant hampered him in his appeals process).  Further, the plaintiff makes only conclusory allegations that the defendants in the mailroom must have tampered with his appeal and removed the copies of his grievances.   Without more, the undersigned finds that the plaintiff has failed to establish a denial of access claim.

To the extent the plaintiff is complaining about the prison grievance system itself, the law is well-settled that there is no constitutional right to a grievance procedure. *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137-138 (1977). Even if the prison provides for a grievance procedure, violations of those procedures do not amount to a civil rights cause of action.  *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1944) (dismissing plaintiff's claim that he was retaliated against when he was barred access to the grievance process because "the Constitution creates no entitlement to grievance procedures or access to any such procedure"). Therefore, this issue does not state a claim for which relief can be granted under § 1983.

Further, to the extent the plaintiff is complaining about the outcome of his disciplinary proceedings, this claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997) ((claims for damages, declaratory relief, or retroactive injunctions based on loss of good-time credits and claims for restoration of good time credits may only be brought in habeas proceedings, as opposed to § 1983 , if a finding in favor of the plaintiff would necessarily imply the invalidity of the underlying

disciplinary conviction). Here, the plaintiff has not shown that he has successfully attacked his disciplinary convictions and thus this claim is barred by *Heck*.

**Civil Conspiracy**

The plaintiff also appears to allege a civil conspiracy claim. (Dkt. # 14 -Mot. to Amend ¶ 5.) However, he has failed to state such a claim. To establish a civil conspiracy under § 1983, a plaintiff must present evidence that the defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in deprivation of a constitutional right. *Hinkle v. City of Clarksburg,* 81 F.3d 416, 421 (4th Cir.1996). A plaintiff must come forward with specific evidence that each member of the alleged conspiracy shared the same conspiratorial objective. *Id.* To survive a summary judgment motion, a plaintiff's evidence must reasonably lead to the inference that the defendants came to a mutual understanding to try to "accomplish a common and unlawful plan." *Id.* A plaintiff's allegation must amount to more than "rank speculation and conjecture," especially when the actions are capable of innocent interpretation. *Hinkle*, 81 F.3d at 422. The plaintiff must show that the defendants possessed an intent to commit an unlawful objective. *Id.* Here, the plaintiff has presented nothing other than his own speculation that there was a conspiracy. Accordingly, the plaintiff has failed to state a civil conspiracy claim.

## CONCLUSION

Wherefore, it is RECOMMENDED that the defendants' Motion for Summary Judgment (Dkt. # 61) be GRANTED and the complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

                                              s/Bruce Howe Hendricks
                                              United States Magistrate Judge

December 11, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).